(608 P.2d 1367)
No. 50,554

NATIONAL EDUCATION ASSOCIATION - WICHITA, *Appellant*, v. UNI-
FIED SCHOOL DISTRICT 259, Wichita, Sedgwick County, Kansas,
*Appellee.*

Petition for review denied May 19, 1980.

Opinion filed March 21, 1980.

*Morris D. Birch* of Nicklin & Birch, of Wichita, for the appellant.

*Jerry G. Elliott, William H. Dye* and *Richard D. Ewy* of Foulston, Siefkin,
Powers & Eberhardt, of Wichita, for the appellee.

Before REES, P.J., SPENCER and MEYER, JJ.

SPENCER, J.: In this action National Education Association -
Wichita (NEA-W) seeks injunctive and mandamus relief against
Unified School District 259, Sedgwick County, (Board) for al-
leged prohibited practices under the collective negotiations stat-
utes, K.S.A. 72-5413 *et seq.*

Specifically, the issues on appeal from judgment entered in
favor of defendant are whether the acts of the Board in granting a
deduction from teachers' salaries for membership dues to be paid
the Wichita Federation of Teachers (WFT), and the publication
of a directory which listed the telephone number, the names of
the president and of the vice president, and the post office box
number of that association, constitute prohibited practices under
the collective negotiations statutes.

Plaintiff is the exclusive representative of all teachers employed
by defendant for the purpose of professional negotiations and,
admittedly, defendant is required by law to recognize plaintiff as
such. It is also admitted that defendant publishes a directory
which includes the telephone number, the names of the president
and vice president, and the post office box number of the Wichita

Federation of Teachers, a professional employees' organization, and that defendant makes a salary deduction for membership dues to be paid to that organization.

It was stipulated by the parties that the testimony of Dr. Alvin Morris, superintendent of schools of U.S.D. 259, would be to the effect that the Board, in regular session on September 30, 1968, had instituted a salary deduction or dues checkoff procedure for members of a rival organization of plaintiff, as well as for members of the forerunner of plaintiff, prior to any formal or official recognition of plaintiff as the official bargaining unit; and that such salary deductions had not been instituted through the collective bargaining or negotiation process, but rather were to provide a service for the employees and teachers of defendant.

The record also reflects that at the time this lawsuit was commenced there was in existence a contract negotiated between plaintiff and defendant which provided for a continuation of deductions for NEA-W dues from compensation paid to members of that association in accordance with the teachers' authorization for such.

It is argued that defendant has the affirmative duty to negotiate only with plaintiff and, hence, the duty not to negotiate with another association. Plaintiff contends that defendant's actions, principally those of deducting dues to be transmitted to WFT, amount to recognition of WFT contrary to the intent of K.S.A. 1979 Supp. 72-5415, which provides in part:

"(a) The representative designated or selected for the purposes of professional negotiation by the majority of the professional employees in an appropriate negotiating unit shall be the exclusive representative of all the professional employees in such unit for such purpose."

In support of this position, plaintiff notes that the dues deduction for NEA-W, along with other customs and policies established prior to 1970, are subjects which were properly negotiated and which are covered by the provisions of the contract between the parties. It is suggested that dues deductions for WFT "certainly did not spontaneously spring to life" and that at some time WFT and its members requested a dues deduction and the Board responded by granting that request. It is asserted that defendant, by its actions in making a deduction for WFT membership dues, is engaging in prohibited practices as defined by K.S.A. 1979 Supp. 72-5430, which provides in part:

"(b)  It shall be a prohibited practice for a board of education or its designated representative willfully to:

.  .  .  .

"(2)  dominate, interfere or assist in the formation, existence, or administration of any professional employees' organization;

.  .  .  .

"(6)  deny the rights accompanying recognition of a professional employees' organization which are granted in K.S.A. 1977 Supp. 72-5415  .  .  .  ."

On the other hand, defendant contends the deduction for dues is merely a "service" provided to those teachers of the system who belong to WFT. Defendant emphasizes that it does recognize plaintiff as the exclusive representative of the teachers for purposes of professional negotiations and that WFT dues deduction does not detract from that recognition. It is also suggested that to allow dues deduction exclusively for the benefit of plaintiff would itself be a prohibited practice under K.S.A. 1979 Supp. 72-5430(b)(2).

Within a school district, payroll deductions of professional association membership dues with consent and authorization of the individual teacher, with the association to take responsibility for errors, is a mandatorily negotiable item as a term and condition of professional service which has a greater direct impact on the well-being of the individual professional employee than on the operation of the educational system. K.S.A. 1979 Supp. 72-5413(l); *NEA-Topeka, Inc. v. U.S.D. No. 501,* 225 Kan. 445, 592 P.2d 93 (1979). See also *Tri-County Educators' Ass'n v. Tri-County Special Ed.,* 225 Kan. 781, 784, 594 P.2d 207 (1979); *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 570, 593 P.2d 406 (1979).

Relying on *NEA-Topeka,* plaintiff reasons that the negotiated arrangements for membership dues deductions for its members within the school system result in an exclusive list of such deductions and any departure from that list by extending such privilege to the members of a rival association is a prohibited practice under K.S.A. 1979 Supp. 72-5430(b), in that it amounts to assistance to the rival and a denial of rights accompanying recognition granted plaintiff under K.S.A. 1979 Supp. 72-5415.

Defendant is required to recognize NEA-W for one purpose only, *i.e.,* for the purpose of professional negotiations. K.S.A. 1979 Supp. 72-5415(a). There is no contention that this has not so far been accomplished, nor that defendant has failed to honor the contractual provision for NEA-W dues deductions. Although

plaintiff argues that at some point defendant must have nego-
tiated with WFT for a similar dues deduction, there is no evi-
dence in this record to support that claim. To the contrary, the
stipulated testimony of Dr. Morris is to the effect that the dues
checkoff procedure had been instituted as early as 1968, prior to
the enactment of the collective negotiations statutes in 1970, as a
service to its teachers and that such was not instituted through the
collective bargaining or negotiating process.

At the time this action was commenced, K.S.A. 72-8601 pro-
vided, in effect, that the board of education of any school district
may provide by resolution for deductions for specified purposes
from the compensation paid to its employees. That statute was
amended in 1978 to add, in substance, the provisions that written
authorizations for deductions from compensation for payment of
professional association dues shall remain in effect until modi-
fied or revoked in writing by the professional association or the
employee, or until the employee's contract of employment is
terminated. K.S.A. 1979 Supp. 72-5423(a) provides, in part rele-
vant to this appeal, that nothing in K.S.A. 72-5413 to 72-5424,
inclusive, shall be construed to change or affect any right or duty
conferred or imposed by law upon any board of education.
Clearly, the Board was acting within its authority when in 1968 it
instituted salary deduction procedures for professional employ-
ees' organizations, and having done so its right to continue to do
so was not changed or affected by the enactment of the collective
negotiations statutes.

Both NEA-W and WFT are professional employees' organiza-
tions as defined by K.S.A. 1979 Supp. 72-5413(e). The deduction
and transmittal of dues to a professional employees' organization
has the obvious effect of assisting that organization in its exis-
tence and administration by the collection of its dues, and grant-
ing that privilege to one and not to the other would be highly
suspect as a prohibited practice under K.S.A. 1979 Supp. 72-
5430(b)(2). However, to permit a payroll deduction for member-
ship dues at the request of professional employees concerned
without regard to which professional association is involved
permits the Board to maintain a neutral position, as is clearly the
intent of 72-5430(b)(2). NEA-W has been selected as the exclusive
representative of all teachers employed by defendant, and while
it may properly negotiate for membership dues deductions, it

does so for all of the professional employees whether members of NEA-W or a rival association. See *Milw. Fed. of Teachers, Local No. 252 v. WERC,* 83 Wis. 2d 588, 266 N.W.2d 314 (1978); *Board of Sch. Directors of Milwaukee v. WERC,* 42 Wis. 2d 637, 168 N.W.2d 92 (1969). The trial Court did not err in its holding to that effect.

Finally, plaintiff suggests, without serious argument, that publication by defendant of a directory listing WFT and its officers is an unlawful recognition of that association. We find no merit to this contention, for clearly the directory is nothing more than a convenience provided by defendant for all who might have occasion to refer to it.

We hold that, under the facts and circumstances related in this opinion, with proper authorizations from employees, the deductions from compensation for payments of professional association dues to the Wichita Federation of Teachers, and the publication in the school system directory of the telephone number, the names of the president and vice president, and post office box number of the Wichita Federation of Teachers, are not prohibited practices under the collective negotiations statutes.

Affirmed.